### VICTOR TALKING MACH. CO. v. HOSCHKE et al.

### SAME v. SONORA PHONOGRAPH CO.

(Circuit Court, S. D. New York. August 15, 1910.)

PATENTS (§ 326*)—INFRINGEMENT—PRELIMINARY INJUNCTION.

Motions to punish a defendant for contempt for violation of an injunction restraining infringement of the Berliner patent, No. 534,543, for an improvement in talking machines, by organizing a corporation which manufactures and sells a modified form of the infringing machine, and for a preliminary injunction against the corporation, denied, to await final hearing.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

In Equity. Suits by the Victor Talking Machine Company against William H. Hoschke and others, and same against the Sonora Phonograph Company. On motions to punish for contempt and for preliminary injunction. Motions denied.

See, also, 158 Fed. 309, 169 Fed. 894.

LACOMBE, Circuit Judge. The suits are brought upon the Berliner patent, which has been so often before the courts—No. 534,543 —and present the old question whether or not the stylus is moved through the groove by the action of the groove itself, or whether it operates by means of a mechanical feed. The machine of defendants in the first suit was considered by Judge Hough, who held:

"Defendant's machine in every material feature is complainant's, and so is the disk obtained from defendant for use in that machine. The only differ-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ence between the two machines is that defendant's has within its free arm a spring tending to press the stylus against the inner wall of any groove with which it may be engaged, and causing arm and stylus, when disengaged from any groove, to pass the stylus point through the arc of a circle whose radius is the free arm."

This machine was enjoined. Subsequently Hoschke with others incorporated the Sonora Phonograph Company, which makes a modification of the first machine. Contending that the modification effects no substantial change, complainant asks to enjoin the corporation and to punish Hoschke for contempt.

The modification is a simple one and easily described. The free arm is moved inward towards the center of the disc not by a spring, but by means of a threaded rod, with which the pivot end of the free arm engages. In the old machine if the groove did not act to hold back the stylus the spring would sweep the free arm through the arc of its travel quickly. In the new machine that movement is regulated by the threading on the rod. Whether the stylus is in a groove or out of it the rate of movement of the arm is the same. It would seem that, when the number of threads on the rod are exactly proportioned to the number of circles on the disc, the arm and the stylus at its end would move so that the point would be fed by the threading as it should be properly to produce the tune. As shown in a sample machine obtained by complainant and made an exhibit, there is considerable play given to the stylus point relatively to the free arm, more play than seems necessary to effect proper operation, if the machine acts as defendants contend. But if, for example, there are 96 threads to an inch on the rod and the same number of grooves to an inch on the disc, it would seem that the machine might fairly be found to act by "mechanical feed." The question is a close one and can better be determined at final hearing after further experiments have been made, notably, as suggested by the court upon the argument, one with the stylus fixed rigidly on the free arm.

The motions are denied.